JOHN SMITH *vs.* MOORHEAD MANUFACTURING COMPANY.

October 14, 1876.

Evidence—Receipt of Letter.—The sufficiency of certain evidence to prove the receipt, by a party, of a letter, considered.

Same—Press Copy of Letter.—A letter-press copy, the handwriting of which is verified as his by the person who wrote the paper copied, is sufficiently verified to be used as secondary evidence of. the contents of such paper, when a case is made for the introduction of secondary evidence.

Action to recover $1,368.05, alleged to be due under a contract of hiring of plaintiff by defendant, for a year, from

August 17, 1874, at a salary of $1,800, the complaint stating that plaintiff worked faithfully under the contract, from August 17, 1874, until April 19, 1875, when he was discharged without cause, and having been paid but $431.95. The answer put in issue the alleged contract, averred a hiring by the month, and that the payments made by defendant to plaintiff were on account of such hiring by the month.    At the trial in the district court for Hennepin county, before *Vanderburgh*, J., the plaintiff had a verdict for the full amount claimed by him, on which judgment was entered, from which the defendant appealed.

*D. A. Secombe*, for appellant.

*Benton & Benton*, for respondent.

GILFILLAN, C. J.    The plaintiff offered to prove the terms of the contract sued on, by a letter from an agent of defendant to the defendant.    The letter not being produced by defendant upon a proper notice from plaintiff requiring such production at the trial, he offered to prove its contents by a copy of a letter-press copy of the letter.    The defendant waived the production of the letter-press copy, and consented that the copy offered might be considered as having the same weight, as evidence, as the letter-press copy would have ; so that the question in the case is, was the letter-press copy admissible to prove the contents of the letter?

The first step to make it admissible was to show the original letter in defendant's possession.    The defendant's agent testified that he wrote and read to plaintiff a letter to defendant, stating the terms of plaintiff's offer, and left it in the office of a firm in Minneapolis, in whose employ the agent was, upon the desk for the mail, as other letters were usually left in that office, and that letters so left were usually mailed by some clerk or person belonging to the office, and that he had no recollection of seeing the letter afterwards. The letter was dated August 17, 1874.    On August 27th, the agent telegraphed the defendant : " Do you want the miller now at work on stones?  Answer."    The defendant

answered the same day: "Yes, and run the mill afterwards." It seems to have been assumed and conceded at the trial that the man referred to was the plaintiff. On receipt of defendant's telegram, the agent communicated to plaintiff that his offer contained in the letter was accepted, and plaintiff thereupon went to Moorhead and to work for defendant. At the time plaintiff was discharged by defendant, the defendant's general manager and plaintiff talked about the agent's letter, and the terms of the contract as shown by the letter. Plaintiff asked him to produce it. The manager looked for it, and said he had lost it. It did not appear, at the time the court below ruled on the point, that any letter on the subject, other than the one testified to by the agent, had been written by him. Upon this evidence we do not see how the court could have decided otherwise than that the letter written by the agent came to the possession of defendant. Secondary evidence of its contents was, therefore, admissible, after the notice and failure to produce it on the trial.

It is further objected that the contents could not be proved by the letter-press copy. The contents of a lost letter may be proved by a copy made by a letter-press, as well as by a copy made by hand, provided it is properly verified as a copy. In this case the agent had no recollection of making the copy, but he testified that it was a press-copy, that the writing in the press-book was a copy of his handwriting, and made by wetting the sheet of the letter-book and pressing the letter on it, so as to transfer an exact copy of the letter to it. The identification of the handwriting in the press-copy as his, by the party who wrote the original letter, sufficiently verifies the copy. Such copies are fac-similes of the writing copied, and, as showing the contents of such writing, are really more satisfactory than the oral testimony of a witness, or a copy made by hand.

Judgment affirmed.